## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| DILLION FOSTER,<br>    *Plaintiff,* | § <br> § <br> § | |
| v. | § <br> § | **Case No.:** _____ |
| KNOX COUNTY, TENNESSEE; <br> KNOX COUNTY SHERIFF'S DEPARTMENT; <br> OFFICER TUCKER BLAKELY, both <br> individually and in his capacity as an officer; <br> OFFICER CALEB BARTLETT, both <br> individually and in his capacity as an officer; <br> and OFFICER JOHN DOE # 1, both <br> individually and in his capacity as an officer; <br>     *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **JURY TRIAL REQUESTED** |

## COMPLAINT

1. This case arises under **42 U.S.C. §§1983 and 1988**, and the **Fourth Amendment to the United States Constitution**, for unlawful arrest without probable cause, use of excessive force and malicious prosecution. The Due Process clause of the **Fourth and Fourteenth Amendment to the United States Constitution** gives all individuals the right to be free from unreasonable searches and seizures, use of excessive force, infliction of severe emotional distress and federal malicious prosecution;

2. Plaintiff is a citizen and resident of Canadian County, Oklahoma;

3. Defendant, Knox County, Tennessee (hereinafter "Knox County") is a county, and a political subdivision of the State of Tennessee, organized pursuant to the constitution and statutes of the State of Tennessee;

4. Defendant, Officer Tucker Blakely, (hereinafter "Blakely") is, upon information and belief, a citizen and resident of Knox County, Tennessee. At all material times

herein, he was employed by his co-defendants, Knox County and Knox County Sheriff's Department, as an officer. Further, at all material times hereto, Blakely was acting under color of State law. Defendant, Officer Caleb Bartlett, (hereinafter "Bartlett") is, upon information and belief, a citizen and resident of Knox County, Tennessee. At all material times herein, he was employed by his co-defendants, Knox County and Knox County Sheriff's Department, as an officer. Further, at all material times hereto, Bartlett was acting under color of State law. Defendant unknown John Doe # 1, is believed to be, upon information and belief, a citizen and resident of Knox County, Tennessee. This officer is not identified in the public record of the incident which forms the gravamen of this suit. Therefore, he cannot be identified at this time but Plaintiff reserves the right to amend this Complaint once his identity is disclosed "At all material times, etc.";

5. Plaintiff avers that on February 5, 2022, at approximately 3:38 a.m., at 947 Dora Rose Road, Knoxville, Tennessee, Whitney Davis and her friend, attorney Michael Callan, had entered into a verbal altercation that escalated into a physical altercation;

6. Ms. Davis called out for her Amazon device "Alexa" to call the police;

7. The Defendants, Sherriff's Officers, Tucker Blakely and Caleb Bartlett (and John Doe # 1) arrived on scene after the call was made to 911. It is not known whether the Alexa device made the call;

8. Shortly thereafter, Plaintiff arrived at the home of his cousin, Whitney Davis, and shortly thereafter, Plaintiff saw that the Defendants, Tucker Blakely, Caleb Bartlett, and John Doe # 1, arrived and escalated the situation, rather than doing what a reasonable, prudent, law enforcement officer would do to de-escalate the situation. Plaintiff attempted to video the officers' aggressiveness, but was unlawfully secured by the officers. After being secured, for no

2

apparent reason, Plaintiff was tased twice after he was tackled and thrown to the ground and unlawfully taken into custody without probable cause or reasonable suspicion of committing any crime. Upon information and belief, he was charged with assault on a first responder (T.C.A. 39-13-116 (a)) and resisting arrest.

9. A set of "back-up" officers arrived and apologized for the aggressive actions of the previous officers;

10. Defendant Blakely's Affidavit of Complaint states that there had been a previous call from dispatch where the assailant had the "same name," and had the same description, "a white man in a green shirt waving a gun" at a "nearby business." However, Plaintiff avers that neither the names Mark Callan nor Dillion Foster can be considered common names in East Tennessee. Further, the 'nearby business,' was the Waffle House. The Affidavit of Complaint conveniently fails to distinguish whose name was the "same name" as the assailant's name from the Waffle House disturbance call;

11. On or about February 5, 2022, officers placed the Plaintiff on the ground, who was not involved in the domestic incident or doing anything, "in order to gain better control of him." Then, **after** gaining "better control" over Mr. Foster, the officers decided to tase him twice, apparently for the fun of it, much in the same manner that former officers of the Memphis Police Department "tased" Tyree Nichols. Defendant Blakely claims that after being under "better control," that Mr. Foster "threw his cell phone." However, that never occurred. Mr. Foster never threw his phone at anyone;

12. As the direct result of the incident described above, an arrest warrant was issued for the Plaintiff, evidenced by the Affidavit of Complaint that is attached hereto and

3

incorporated herewith as Exhibit 1 to this Complaint. The affidavit of complaint made by Defendant Blakely falsely stated that Plaintiff threw his phone at the officer;

13. On or about August 31, 2022, all charges against Plaintiff were dismissed because they were frivolous;

14. Plaintiff incorporates paragraphs 1-13, inclusive, of the premises to this Complaint. Plaintiff avers that the affidavit of complaint was falsified, that Plaintiff did not throw his phone at the officer, and that all charges against Plaintiff were frivolous and ultimately dismissed. As a result, Plaintiff specifically avers that his Fourth Amendment and Fourteenth Amendment rights were violated, as a direct and proximate result of the wrongful arrest aforesaid, and, further, that he has remedies for such arrest and malicious prosecution as granted by **42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment of the United States Constitution**;

15. Plaintiff, further, avers that, unlike the plaintiff in ***Virginia v. Moore*, 553 U.S. 164, (2008)**, there was not even reasonable suspicion, much less probable cause, to arrest Plaintiff herein;

16. Plaintiff incorporates Paragraphs 1 through 15, inclusive, of the premises to this Complaint. Plaintiff, again, avers that the individual defendants were, at all material times herein, employed by the respective municipal defendants as set forth above, being employed by the respective municipalities' law enforcement agencies as described above, and at all times material hereto, were acting under color of State law;

17. Plaintiff incorporates Paragraphs 1 through 16, inclusive, of the premises to this Complaint. Plaintiff avers that these individual defendants, as employees of their respective entities, received such inferior training, and/or were guided by either no policies or inferior,

4

constitutionally-suspect policies promulgated by their employers, regarding the determination of probable cause for and reasonable suspicion for arrest, tasing and continuing the prosecution of persons in the same or similar circumstances of the plaintiff;

As a direct and proximate result of the individual defendants having received such inferior training and/or being guided by no policies or inferior, constitutionally suspect policies regarding determination of probable cause to arrest, tase and continue prosecution, Plaintiff sustained a deprivation of his civil rights, allowing him damages under **42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment of the United States Constitution**;

18. Plaintiff incorporates Paragraphs 1 through 17, inclusive, of the premises to this Complaint. Plaintiff avers that the individual defendants, at all material times herein, and particularly in their unlawful, illegal arrest, illegal tasing and illegal malicious prosecution were not, contrary to what is usual, cloaked with qualified immunity. In support thereof, Plaintiff further avers (a) that a reasonable prudent law enforcement officer in the same or similar circumstances would not have so acted and (b) Plaintiff is entitled to the right to be free from unlawful arrest, excessive force and prosecution as a Federal Constitutional right;

19. Plaintiff, further, avers that the **Fourth Amendment** and the Due Process clause of the **Fourteenth Amendment** rights to be free from an illegal arrest, search, seizure, tase, prosecution, and detention are clearly established, sufficiently clear, and that, in the situation sub judice, the individual defendants, jointly and severally, who again, were then and there, acting as employees of their co-defendants, Knox County and Knox County Sheriff's Department, under color of state law, absolutely knew, as reasonable police officers, what they were doing in illegally arresting, tasing, searching, detaining and prosecuting Plaintiff without probable cause, and that they were violating Plaintiff's individual Fourth Amendment and

Fourteenth Amendment right(s) to be free from unwanted searches, detentions, seizures and prosecution;

20. Plaintiff incorporates Paragraphs 1 through 19, inclusive, of the premises to this Complaint. Plaintiff avers that the basis for arresting him—that he was resisting the officers' commands and assaulting a first responder—was wholly subjective and not objective and that a reasonable officer would not institute an arrest, use excessive force and continue prosecution with no probable cause based upon the facts herein. Further, the Plaintiff avers that he never threw his cell phone at the officer, and that Blakely's statement that Plaintiff was restrained to gain "better control," is in stark contrast with any factual account that Plaintiff was able to throw a phone while being restrained. There simply is no evidence to justify probable cause for an arrest, use of excessive force, seizure, and continued prosecution. Moreover, Blakely's affidavit of complaint falsely states that Plaintiff threw his cell phone at him while he was being restrained, in order to justify Blakely's own aberrant behavior in unlawfully seizing, detaining, and tasing (twice) the Plaintiff by using excessive force;

Because the arrest, detention, and seizure of the Plaintiff were performed under the color of state law, and violated a clearly established **Fourth Amendment** principle and the Due Process clause of the **Fourteenth Amendment,** principles of which a reasonable person was expected to have knowledge, and especially a reasonable police officer, plaintiff avers that the individual Defendants lack qualified immunity hereunder;

This seizure, also being performed under the color of state law, violated clearly established **Fourth Amendment and Fourteenth Amendment** principles of which a reasonable police officer was expected to have knowledge. Therefore, the Plaintiff avers that neither

6

Defendant may shield themselves with the cloak of qualified immunity for their actions *vis a vis* the illegal arrest, detention, seizure, and prosecution of the Plaintiff;

21. Plaintiff incorporates paragraph 1 through 20 inclusive, of the premises of this Complaint. Plaintiff avers, in the Sixth (6th) Circuit, the question as to whether there was probable cause to effect an arrest is wholly for the fact finder, unless there is only one reasonable determination possible. See *Pyles v. Raisor*, 60 F. 3d, 1211, 1215 (6th Cir. 1995);

22. Plaintiff incorporates paragraphs 1 through 21 inclusive, of the premises of this Complaint. Plaintiffs restates that the constitutional violations—particularly the **Fourth Amendment** and **Fourteenth Amendment Due Process** violation of his respective freedom from unwanted searches, seizures, and arrest, committed by the Defendants, jointly, and severally, as described above—while (a) each defendant, jointly and severally, was acting under color of state law, (b) no defendants, jointly and severally, were cloaked with qualified immunity, (c) there was neither reasonable suspicion, much less probable cause, to arrest Plaintiff for attempting to video a constitutional infringement taking place in front of him and (d) all defendants were either (1) operating under non-existing policies and procedures regarding such an arrest and (2) if such procedures were in effect, the same were inadequate to protect the constitutional rights of persons such as the Plaintiff, directly and proximately caused damages to the Plaintiffs and grants him rights under **42 U.S.C. §§ 1983 and 1988** and its companion statutes to seek damages for the violation of his civil rights as set forth above;

23. Plaintiff avers that, as a direct and proximate cause of the violations of his civil rights as set forth above, he has sustained damages, including, but not limited to, damage to his reputation in the community, damages for humiliation, damages for embarrassment and emotional distress, pain and suffering, and special damages in the form of payment of attorney's

7

fees for representation in a dismissed frivolous criminal case, as well as appearance bonds and court costs directly and proximately resulting from his wrongful arrest and detention, and wrongful malicious prosecution jointly and severally, and other general damages, plus attorney's fees as allowed under **42 U.S.C. §1988**;

24. Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 inclusive, of the premises of this Complaint. As described above, the conduct of Defendants, jointly and severally, on February 5, 2022, at 947 Dora Rose Road, Knoxville, Tennessee, was extreme and outrageous, including using malicious and excessive force against Plaintiff without limitation and without provocation or justification, causing Plaintiff to be unlawfully apprehended and detained and then tased twice without any act of violence or threat toward Defendants or any other officer, civilian, or person at the scene. Further, the acts of the Defendants, jointly and severally were extreme and outrageous against Plaintiff, causing him to be unlawfully apprehended and detained without probable cause;

25. Plaintiff avers that the Defendants either intended to inflict emotional distress upon Plaintiff when engaging in the above described, or knew that there was a high probability that such conduct would result in such distress. As a consequence of this extreme and outrageous conduct—made all the more outrageous because it was perpetrated with the imprimatur of police authority and the powers of the state to arrest—Plaintiff suffered severely, resulting in economic and non-economic damages including, but not limited to: depression, loss of interest and ability to engage in day-to-day activities, anxiety, and fear of future interactions with law enforcement. Defendants' conduct caused Plaintiff to suffer severe emotional distress that no reasonable person could be expected to endure. The conduct of all officers and Defendants was outrageous;

8

26. Finally, Plaintiff incorporates Paragraphs 1 through 25, inclusive, of the premises to this Complaint. Plaintiff avers that on or about August 31, 2022, all charges against Plaintiff were dismissed. The Defendants intentionally initiated and pursued a cause of action against Plaintiff, without probable cause and with malice. The prosecution by the state ended without a conviction and with dismissal. Plaintiff avers that these prosecutions were (a) initiated by Defendants, jointly and severally, (b) The case terminated in Plaintiffs "favor"; (c) the prosecutions were without probable cause and with malice; and (d) that the Defendants, jointly and severally, committed Federal malicious prosecution, and as a direct and proximate result, Plaintiff sustained damages.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, for the sum of Two Million ($2,000,000.00) dollars for compensatory damages under **42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution and all other applicable Federal laws**, for attorney's fees and any expert witness costs, under **42 U.S.C. § 1988**, and for reimbursement of any court costs advanced in this case. Plaintiff request that this Court grant him the following relief, jointly and severally against the named defendants:

A. judgment for compensatory damages against all defendants in the above-listed amount or an amount to be determined at trial.

B. judgment for punitive damages against all defendants in the above-listed amount or an amount to be determined at trial.

C. an award of the costs of this action against all defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and/or 18 U.S.C. §1964(c).

D. for any such other, further, and general relief as this Court may grant.

9

Plaintiff demands a jury to try this case.

Respectfully Submitted,

**DILLION FOSTER**

BY: _____

**EDWARD KERSHAW, BPR No.: 016775**
*Attorney for Plaintiff*
EK Law, PC
131 South Main Street, Suite 102
Greeneville, Tennessee 37743
(423) 620-0219
admin@eklawpc.net


**CRYSTAL JESSEE, BPR No.: 024445**
*Attorney for Plaintiff*
Jessee Law Office
P.O. Box 1537
Greeneville, TN 37744
(423) 638-4006
crystaljessee@jesseelawoffice.com

# AFFIDAVIT OF COMPLAINT

DEFENDANT: **DILLION FOSTER (ALIAS) - IDN 1533542**

AFFIANT: TUCKER BLAKELY - IDN 1474704

THE AFFIANT, AFTER FIRST BEING DULY SWORN ACCORDING TO LAW, STATES THAT A CRIMINAL OFFENSE HAS BEEN COMMITTED IN KNOX COUNTY, TENNESSEE, BY THE DEFENDANT. FURTHER, AFFIANT MAKES OATH THAT THE ESSENTIAL FACTS CONSTITUTING THE SAID OFFENSE ARE AS FOLLOWS:

THE DEFENDANT COMMITTED THE OFFENSE OF ASSAULT ON FIRST RESPONDER, IN VIOLATION OF TCA SECTION 39-13-116(A). ON 02/05/2022 AT APPROXIMATELY 0338 HOURS OFFICERS WERE DISPATCHED TO A DOMESTIC DISTURBANCE IN PROGRESS AT 947 DORA ROSE RD. THE SUSPECT WAS DESCRIBED AS A WHITE MALE IN A GREEN SHIRT AND OFFICERS WERE TOLD HE HAD A GUN. SHORTLY BEFORE, OFFICERS HAD BEEN DISPATCHED TO A NEARBY BUSINESS FOR REPORTS OF A WHITE MALE IN A GREEN SHIRT WAVING A GUN. THE CALLER FROM THE PREVIOUS CALL AND THE VICTIM AT 947 DORA ROSE RD HAD THE SAME NAME AND DESCRIPTION. OFFICERS BELIEVED THE TWO CALLS MAY BE RELATED.

OFFICERS ARRIVED AT 947 DORA ROSE AND MADE CONTACT WITH SEVERAL INDIVIDUALS OUTSIDE THE HOME. ON SCENE OFFICERS STATED A FEMALE, STACEY FOSTER (WITNESS) SAID, "HE'S GOT A GUN." OFFICERS ATTEMPTED TO DETAIN ALL INDIVIDUALS AT THIS TIME IN ORDER TO SAFELY CONDUCT THEIR INVESTIGATION. WHILE ATTEMPTING TO SECURE THE SCENE, DILLION FOSTER (ARRESTEE) OPENED THE REAR RIGHT DOOR OF THE LISTED VEHICLE. I IMMEDIATELY INSTRUCTED DILLION IN A LOUD, CLEAR VOICE TO STEP AWAY FROM THE VEHICLE. DILLION CONTINUED TO REACH INTO THE VEHICLE, PROMPTING OFFICERS TO TAKE PHYSICAL CONTROL OF HIM AND ATTEMPT TO DETAIN HIM FOR OFFICER SAFETY. DILLION IMMEDIATELY BEGAN TO RESIST OFFICERS BY PULLING AWAY IN AN EFFORT TO NOT BE DETAINED. OFFICERS PLACED DILLION ON THE GROUND IN ORDER TO GAIN BETTER CONTROL OF HIM. I GAVE LOUD VERBAL COMMANDS FOR DILLION TO ROLL ONTO HIS STOMACH AND PLACE HIS HANDS BEHIND HIS BACK. DILLION CONTINUED TO IGNORE MY DIRECTIVES AND PHYSICALLY RESIST OFFICERS. I DREW MY COUNTY ISSUED TASER (S/N X1200ET0M) AND INSTRUCTED DILLION TO STOP RESISTING OFFICERS OR HE WOULD BE TASED. DILLION THEN THREW HIS CELL PHONE AT ME, WHICH STRUCK ME IN MY TORSO. I DEPLOYED MY COUNTY ISSUED TASER (C/N C21066586) AT THIS TIME TO DILLION'S UPPER BACK AND DRIVE STUNNED HIS LOWER BACK IN ORDER TO COMPLETE THE NEUROMUSCULAR INCAPACITATION CYCLE. ONE FIVE SECOND CYCLE WAS ADMINISTERED. THE TASER WAS EFFECTIVE, AND DILLION WAS TAKEN INTO CUSTODY.

ONCE THE SCENE WAS SECURE, OFFICERS BEGAN TO INVESTIGATE THE DOMESTIC DISTURBANCE. UPON ENTERING THE RESIDENCE, THREE .22LR BULLETS WERE SEEN ON THE FLOOR BY THE FRONT DOOR. OFFICERS SPOKE WITH MICHAEL CALLAN (VICTIM) WHO STATED THAT HIM AND HIS GIRLFRIEND WHITNEY DAVIS (ARRESTEE) WENT OUT DRINKING EARLIER IN THE NIGHT. MICHAEL STATED THEY HAD TOO MUCH TO DRINK AND WHITNEY FELL, SCRAPING HER HANDS AND STRIKING HER FACE. MICHAEL STATED THEY BEGAN TO ARGUE WHEN THEY GOT HOME. MICHAEL SAID THAT DURING THE ARGUMENT, WHITNEY SAID SHE WAS GOING TO KILL HERSELF WITH THE LISTED FIREARM. MICHAEL SAID WHITNEY GRABBED THE FIREARM AND AMMUNITION, HE THEN TOOK THE FIREARM AND HID IT. MICHAEL SAID WHITNEY BECAME IRATE AND BEGAN TO BITE DOWN ON HIS LEG AT THIS TIME. MICHAEL DID ADMIT HE STRUCK WHITNEY IN HER FACIAL REGION IN ORDER TO GET HER TO STOP BITING HIM. MICHAEL DID HAVE BITE MARKS ON HIS LEG. OFFICERS LOCATED THE FIREARM IN A NEARBY CLOSET, CORROBORATING MICHAEL'S STATEMENT.

WHITNEY WOULD NOT SPEAK WITH OFFICERS ABOUT WHAT HAPPENED. WHITNEY SIMPLY STATED THAT MICHAEL HAD ATTEMPTED TO STRANGLE HER AND PUT HIS FOOT ON HER NECK. WHITNEY HAD NO MARKS ON HER NECK. WHITNEY DID HAVE MARKS ON HER FACE, BUT STATED THEY CAME FROM HER FALLING DOWN EARLIER IN THE NIGHT. WHITNEY ALSO HAD SCRAPES ON HER HANDS AND KNEES, CONSISTENT WITH THE FALL. OFFICERS DETERMINED WHITNEY WAS THE PRIMARY AGGRESSOR, AND SHE WAS TAKEN INTO CUSTODY FOR DOMESTIC ASSAULT.

OFFICERS SEIZED THE LISTED FIREARM DUE TO WHITNEY'S ALLEGED STATEMENTS OF SELF-HARM. THE FIREARM WAS RETRIEVED BY THE FORENSICS UNIT. PICTURES OF THE INJURIES FROM BOTH PARTIES WERE DOCUMENT AND ALSO THE AMMUNITION WAS COLLECTED BY THE FORENSICS UNIT. A CITATION WAS NOT ISSUED BECAUSE LIKELY THE OFFENSE WILL CONTINUE.

The defendant is hereby instructed that if the defendant's charge is dismissed, a no true bill is returned by a grand jury, the defendant is arrested and released without being charged with an offense, or the court enters a nolle prosequi in the defendant's case, the defendant is entitled, upon petition by the defendant to the court having jurisdiction over the action, to the removal and destruction of all public records relating to the case without cost to the defendant.

TUCKER BLAKELY, AFFIANT          Phone #: N/A

Personally sworn to and subscribed by the affiant before me this
05th day of February, 2022.

DUSTIN SEAN DUNHAM, Magistrate

## ARREST WARRANT @1430324

TO THE DEFENDANT:
Dillion Foster (ALIAS), based on the affidavit of complaint filed in this case, there is probable cause to believe that, in violation of T.C.A. §39-13-116(A), you have committed the offense of ASSAULT ON FIRST RESPONDER, Class A Misdemeanor.

TO THE LAWFUL OFFICER:
You are therefore commanded in the name of the State of Tennessee to immediately arrest the defendant named above and bring the defendant to this court to answer the charges.

Issued this 05th day of February, 2022.

DUSTIN SEAN DUNHAM, Magistrate

WITNESSES
WHITNEY DAVIS - 1533543          (606)310-1505     947 DORA ROSE RD KNOXVILLE TN 37932          CO-DEFENDANT
CALEB BARTLETT - 1461067                            KCSD 400 MAIN STREET KNOXVILLE TN 37902       OFFICER

Agency: KCSO

Incident #: 2202050344

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| DILLION FOSTER | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| KNOX COUNTY, TENNESSEE, ET AL | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* KNOX COUNTY, TENNESSEE

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Edward L. Kershaw, EK LAW, PC, 131 South Main Street, Greeneville, TN 37743

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| DILLION FOSTER | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| KNOX COUNTY SHERIFF'S DEPARTMENT | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* KNOX COUNTY SHERIFF'S DEPARTMENT

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Edward L. Kershaw, EK LAW, PC, 131 South Main Street, Greeneville, TN 37743

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                               *Server's signature*

                                               _____
                                                               *Printed name and title*


                                               _____
                                                               *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| DILLION FOSTER | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| OFFICER TUCKER BLAKELY, individually and in his | ) | |
| capacity as an officer | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* OFFICER TUCKER BLAKELY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Edward L. Kershaw, EK LAW, PC, 131 South Main Street, Greeneville, TN 37743

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                      *Server's signature*

                                      _____
                                      *Printed name and title*


                                      _____
                                      *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

DILLION FOSTER

　　　　　　　　　　　_Plaintiff(s)_

v.

OFFICER CALEB BARTLETT, individually and in his
capacity as an officer

　　　　　　　　　　　_Defendant(s)_

)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ OFFICER CALEB BARTLETT

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Edward L. Kershaw, EK LAW, PC, 131 South Main Street, Greeneville, TN 37743

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | |
|---|---|
| DILLION FOSTER<br><br>_____<br>_Plaintiff(s)_<br>v.<br>OFFICER JOHN DOE #1, individually and in his<br>capacity as an officer<br><br>_____<br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ OFFICER JOHN DOE #1

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Edward L. Kershaw, EK LAW, PC, 131 South Main Street, Greeneville, TN 37743

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DILLION FOSTER

## DEFENDANTS

KNOX COUNTY, TENNESSEE; KNOX COUNTY SHERIFF'S DEPT.; TUCKER BLAKELY; CALEB

**(b)** County of Residence of First Listed Plaintiff  Canadian, Oklahoma
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Edward Kershaw, 131 S.Main St., Greeneville, TN 37743, 423-620-0219 (lead counsel)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal | 371 Truth in Lending | 720 Labor/Management | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | Injury | 380 Other Personal Property Damage | Relations | 861 HIA (1395ff) | 850 Securities/Commodities/ |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | Exchange |
| | | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983 and 1988, U.S. CONSTITUTION, Amendments 4 and 14

Brief description of cause:
Civil rights action for wrongful arrest, and other incident causes of action

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  4000000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  2/3/23

SIGNATURE OF ATTORNEY OF RECORD  *Ed Kershaw*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____